[No. 3448.]

HENDRIE ET AL. v. ACORN GOLD MINING CO. ET AL.

APPEALS—*Appeal Docketed as a Writ of Error.* In an appeal to the supreme court in a cause where no appeal was allowed by law, the appellee appeared and filed his brief and the

cause was ready for final hearing. In this condition it was transferred to this court. On motion to dismiss, the appeal was docketed as a writ of error, under sec. 423, Rev. Code.

*Appeal from El Paso District Court.* HON. J. W. SHEAFOR, Judge.

Mr. TULLY SCOTT, County Attorney, Messrs. THOMAS, BRYANT & MALBURN, AND Mr. G. P. NEVITT, for appellants.

Mr. H. FROST AND Messrs. SCHUYLER & SCHUYLER, for appellees.

*Per curiam.*

This appeal was taken by appellants, who were respectively the county treasurer of Teller county, and the board of county commissioners of the same county, from a final decree annulling certain tax sales of mining property belonging to appellees, and the certificates of purchase issued thereon, and enjoining the execution of treasurer's deeds for said property. The abstract of the record, together with the briefs of appellants and appellees, were filed, and the cause was ready for final hearing, in the supreme court, at the time the order was made transferring the cause to this court under chapter 107, session laws of 1911. Afterwards, appellees filed their motion to dismiss the appeal, asserting that the judgment was not one which could be taken to the supreme court by appeal. Appellants moved to strike the motion of appellees from the files, for the reasons, as claimed, that this court is without authority to entertain such motion, after full appearance in the supreme court and submission to its jurisdiction by appellees, and that the latter are, for the same reason, estopped to question the jurisdic-

tion on appeal. Counsel for appellants have not contested the claim of their opponents that there was no right of appeal from this judgment to the supreme court under section 388, Mills. Ann. Code (sec. 422 Rev. Code, 1908), and the position of appellees in that regard is affirmed by the court. On the other hand, we cannot assent to the grounds of appellants' motion to strike, without running counter to previous decisions of this court, including the cases of *Western Lumber & Pole Co. v. Golden,* and *Colorado M. & M. Co. v. Rocky Mountain National Bank,* recently decided. In conformity with the rulings in the cases last mentioned, the motion of appellants must be denied, and the motion of appellees to dismiss the appeal will be sustained, provided, and it is further ordered, that the clerk of this court enter the cause as pending on writ of error, in the manner and with the effect, as provided in section 423, code of civil procedure, Rev. Stat. 1908, and that this cause be set down for final hearing, as upon writ of error.

HURLBUT, Judge, concurs in the dismissal of the appeal, but dissents from the order entering the cause as pending on writ of error.

SCOTT, Presiding Judge, having been of counsel, does not participate.

---

[No. 3473.]

## FISHBACK V. VINING ET AL.

1. PRINCIPAL AND AGENT—*Ratification.* If one would repudiate the acts of another who, without authority, has assumed to contract for him, he must repudiate them *in toto.* Ratification of any part of the transaction ratifies it as a whole. One